IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00441-NYW

HI-TECH PAINTLESS DENT REPAIR, INC., an Illinois corporation

    Plaintiff (s).

v.

ERGASH AKHATOV, an individual; and
SEMURG DENT REMOVAL, INC., a Colorado corporation

    Defendant(s).

## ENTRY OF APPEARANCE AND MOTION FOR REMAND

**PLEASE TAKE NOTICE** that the law firm of Hoban Law Group, by and through its attorneys, does hereby enter its special appearance in this matter on behalf of its client, Hi-Tech Paintless Dent Repair, Inc. ("Hi-Tech"), for the limited purpose of respectfully contesting this Court's subject matter jurisdiction and requesting that this case be remanded to the District Court for the City and County of Denver, State of Colorado. On March 12, 2019, counsel for Plaintiff communicated with counsel for Defendants regarding this motion and was advised that Defendants oppose the relief requested herein.

### I.    BACKGROUND

Plaintiff filed its action in the District Court for the City and County of Denver (Case No. 19CV30082) on January 9, 2019, seeking damages from Ergash Akhatov, an individual residing in Colorado, and Semurg Dent Removal, Inc., a Colorado corporation ("Semurg," and together with Mr. Akhatov, the "Defendants"), for Defendants' breach of contract, tortious interference of contract, unjust enrichment, and fraudulent transfer, all claims for relief arising solely out of

Colorado state law. On February 14, 2019, Defendants filed their Notice of Removal with this Court pursuant to 28 U.S.C. § 1446. The removal was based solely on diversity of citizenship pursuant to 28 U.S.C. § 1332.

## II. JURISDICTION AND PARTIES

1. Plaintiff is an Illinois corporation authorized to conduct business in the state of Colorado.

2. Mr. Akhatov is an individual with his place of residence in Colorado.

3. Semurg is a Colorado corporation.

## III. ARGUMENT

4. "The party invoking federal jurisdiction via removal has the burden of showing that removal is proper." *Meade v. Avant of Colo., LLC*, 307 F. Supp. 3d 1134, 1139 (D. Colo. 2018) (*citing Lindstrom v. U.S.*, 510 F.3d 1191, 1193 (10th Cir. 2007). A court must strictly construe the removal jurisdiction requirements. *Id*. at 1139-40 (D. Colo. 2018) (*citing Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982)). A court must resolve all doubts against removal. *Id.*

5. 28 U.S.C. § 1332 generally provides that federal district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00 (exclusive of interest and costs), and where there exists complete diversity of citizenship between the parties.

6. 28 U.S.C. 1441(b)(2) provides an exception to removal based on diversity citizenship if any of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought. *See generally Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89-90 (2005).

7. Semurg is incorporated in Colorado and has its principal place of business in Colorado, rendering it a Colorado citizen for diversity jurisdiction purposes. 28 U.S.C. 1332(c).

8. Mr. Akhatov resides in Colorado and conducts his business here, demonstrating that he is a domiciled Colorado citizen for diversity jurisdiction purposes. *Wallace v. HealthOne,* 79 F. Supp. 2d 1230, 1233 (D. Colo. 2000) ("Domicile is established by physical presence in a location coupled with intent to remain there indefinitely.")

9. Defendants do not dispute they were properly joined in the state of Colorado as defendant parties to Case No. 19CV30082 when it was originally filed in the District Court for the City and County of Denver, State of Colorado.

10. Defendants do not dispute they were properly served in the state of Colorado as defendant parties to Case No. 19CV30082 when it was originally filed in the District Court for the City and County of Denver, State of Colorado.

11. As domiciled Colorado citizens, for purposes of diversity jurisdiction, who were properly joined and served within Colorado, Defendants' removal of Case No. 19CV30082 was improper. 28 U.S.C. 1441(b)(2); *see also Roche,* 546 U.S. at 89-90.

12. Defendants have failed to show that their grounds for removal were proper and have further failed to overcome the presumption federal courts must impose in considering whether removal requirements have been properly met. *See Meade*, 307 F.Supp.3d at 1139-40.

13. 28 U.S.C. § 1447(c) provides for the Court to award costs and expenses, including attorney fees, incurred as a result of improper removal. *See, e.g., Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005).

WHEREFORE, Plaintiff Hi-Tech Paintless Dent Repair, Inc., respectfully requests this action be remanded to the District Court for the City and County of Denver, State of Colorado; for

costs and expenses, including attorney fees, incurred as a result of this improper removal pursuant to 28 U.S.C. §1447(c); and for such other and further relief as the court deems just.

Respectfully submitted this 13th day of March, 2019.

                                               HOBAN LAW GROUP

                                               s/ Keenan M. Jones
                                               Robert T. Hoban, #33151
                                               Keenan M. Jones, #45417
                                               730 17th Street, Suite 420
                                               Denver, CO 80238
                                               P: (303) 674.7000
                                               F: (303) 382.4685
                                               bob@hoban.law
                                               keenan@hoban.law

                                               *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of March, 2019, a true and correct copy of the foregoing ENTRY OF APPEARANCE AND MOTION FOR REMAND was electronically filed with the Clerk of the United States District Court for the District of Colorado using its CM/ECF system and served the same via the CM/ECF system on all counsel of record:

Tyler Jeffery, Esq.
Igor Raykin, Esq.
KISHINEVSKY & RAYKIN, ATTORNEYS AT LAW
2851 South Parker Road, Suite 150
Aurora, CO 80014
*Attorneys for Defendants*

U.S. District Court
901 19th Street
Denver, CO 80294

                                                          s/ Nicole N. Chapman