# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-441-NYW

Hi-Tech Dent Removal, Inc., an Illinois corporation
    Plaintiff,
v.

Ergash Akhatov, an individual
Semurg Dent Removal, Inc., a Colorado corporation
    Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR REMAND

Defendants Ergash Akhatov ("Mr. Akhatov") and Semurg Dent Removal Inc. ("Semurg"), through undersigned counsel, request that the Court dismiss the Motion for Remand, and in support states:

### Argument

Plaintiff argues that the plain language of 28 U.S.C. 1441(b)(2) bars the removal of the case to federal court. However, Defendants plan to add a federal counterclaim under FICA (see Exhibit 1), which will give the District Court federal subject matter jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction over the state court claims.

The forum defendant rule, which Plaintiff relies on, is a procedural rule and is not jurisdictional. *Durbin v. Yellow Transp.*, 624 F.Supp.2d 1303, 1304 (D. Kan. 2009). In *Durbin*, the court held that "[t]he majority of the circuits have ruled that the forum defendant rule is procedural, not jurisdictional." *Id.* (citing *Hurley v. Motor Coach Indus. Inc.*, 222 F.3d 377, 379 (7th Cir.2000); *Korea Exch. Bank v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3d Cir.1995); *In re Shell Oil Co.*, 932 F.2d 1518, 1522 (5th Cir.1991); *Farm Constr. Serv. v. Fudge,* 831 F.2d 18,

21–22 (1st Cir.1987); *Woodward v. D.H. Overmyer Co.,* 428 F.2d 880, 882 (2d Cir.1970); *Handley–Mack Co. v. Godchaux Sugar Co.,* 2 F.2d 435, 437 (6th Cir.1924)).

The Tenth Circuit has also held that the forum defendant rule is procedural in *Am. Oil Co. v. McMullin,* 433 F.2d 1091, 1094 (10th Cir. 1970). Although in this case the Tenth Circuit was addressing a waiver of removal, and not a Motion for Remand like the instant case, the mere fact that the Court found the rule waivable shows that it is not a jurisdictional requirement, but rather a procedural one. Because the rule is a procedural bar, it may be waived sua sponte by the court.

The U.S. Supreme Court has held that a case may be removed to federal court even after an order to remand has been made. *Fritzlen v. Boatmen's Bank*, 212 U.S. 364, 372 (1909). Because the Defendant will be adding a federal counterclaim under FICA (see Defendants' Answer Pending Motion to Dismiss and Motion for Remand), if this case is remanded it will be removed for a second time when those counterclaims are plead. In the interests of judicial economy, the case should remain in federal court and the procedural issue of the forum defendant rule should be waived sua sponte.

WHEREFORE, Defendants requests that the Court deny the Motion for Remand, and grant Defendants such further relief as the Court deems just and proper.

s/ Tyler Jeffery
Tyler Jeffery, Esq., Atty. Reg. #: 48460
Kishinevsky & Raykin, Attorneys at Law
2851 South Parker Road, Suite 150
Aurora, CO 80014
Attorney for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on this the 3rd day of April 2019, I electronically filed the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR REMAND** with the Clerk of Court using the CMF/ECF system, which will send electronic notification of this filing to all entered parties.

Robert T. Hoban
Keenan M. Jones
Darren B. Kaplan
Hoban Law Group
730 17th St., Suite 420
Denver, CO 80202
bob@hoban.law
keenan@hoban.law
darren.kaplan@hoban.law

ATTORNEYS FOR PLAINTIFF

s/ Tyler Jeffery
Tyler Jeffery, Esq., Atty. Reg. #: 48460
Kishinevsky & Raykin, Attorneys at Law
2851 South Parker Road, Suite 150
Aurora, CO 80014
Telephone: (720) 748-8888
E-mail: tyler@coloradolawteam.com
Attorney for Defendants
