IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00441-NYW

HI-TECH PAINTLESS DENT REPAIR, INC., an Illinois Corporation,

    Plaintiff,

v.

ERGASH AKHATOV, an individual, and
SEMURG DENT REMOVAL INC., a Colorado corporation

    Defendants.

---

## RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

---

    Defendants Ergash Akhatov and Semurg Dent Removal, through counsel, file this Response to Plaintiff's Motion for Attorney's Fees.

    On April 12, 2019, this Court ordered that "Plaintiff's request for costs, expenses, and attorneys' fees resulting from improper removal is likewise GRANTED."  Plaintiff has responded with an unreasonable and excessive request for attorney's fees.

    "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 423 (1983).  "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Id.*  Per the Tenth Circuit, "[a] court will generally determine what fee is reasonable by first calculating the lodestar- the total number of hours reasonably expended

multiplied by a reasonable hourly rate- and then adjust the lodestar upward or downward to account for the particularities of the suit and its outcome." *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997).

In this case, Plaintiff has violated both of these precepts set down by the U.S. Supreme Court. The hourly rate applied is unreasonable, and the number of hours claimed to have been expended by Plaintiff's counsel is unreasonable. In addition, Plaintiff includes many categories of expenses that are inapplicable to the Court's order. Finally, the award should be adjusted downward because of the base simplicity of the Motion to Remand and its argument.

## ARGUMENT

### I.   Unreasonable hourly rate

The hourly rate claimed in Plaintiff's Motion and Exhibits is unreasonable. Four individuals worked on the proceedings: Samuel Scheurich, Keenan Jones, Darren Kaplan, and Nicole Chapman.

Plaintiff "bears the burden of showing that the requested rates are in line with those prevailing in the community." Ellis v. Univ. of Kansas Med. Ctr., 163 F.3d 1186, 1203 (10th Cir. 1998). To satisfy their burned, Plaintiff must "produce satisfactory evidence- in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stephenson, 465 U.S. 886, 895 (1984).

Not only has Plaintiff not provided said evidence, their rates are not in line with those in the community. Mr. Scheurich and Mr. Jones have six years of experience each, and charge above $300 each. Mr. Kaplan graduated from law school in May 2018 and was admitted to

practice in November 2018, and allegedly charges $275 per hour.  Ms. Chapman, a paralegal, charges $160 per hour (and it appears that many of her hours listed were spent doing administrative and secretarial work rather than paralegal work that would justify her high rates). These rates are excessive.

## II.    <u>Inapplicable Categories of expenses</u>

The Court ordered Defendant to pay attorney's fees "costs, expenses, and attorneys' fees resulting from improper removal."  The Court's statement itself eliminates some of the categories of expenses claimed by Plaintiff's counsel.

Most egregiously, Plaintiff's counsel claims 18.8 hours to draft their Motion for Attorney's Fees.  First, their Motion for Attorney's Fees is not resulting from the improper removal alone and Defendant should not have to pay for their excessive amount of time drafting this motion.  Plaintiff's counsel claims 18.8 hours on this Motion alone, out of a total of 52.2 hours.  19% of the fees requested are solely for producing a four page motion listing hours and costs, including 16.6 hours charged by Ms. Chapman, presumably from printing off and adding up entries from a billing software program.  The hours spent on this Motion are not applicable to the Court's original order and are grossly inflated.

Plaintiff's claim expenses for a Motion to Dismiss, which was filed in the State case post-remand, and which charges would have been incurred regardless of where the case was heard.  In addition, discussions of the case with their client occurred regardless of where the suit was being heard.

It appears from Mr. Jones's declaration that Plaintiff's counsel simply added up all the hours from the moment the case was removed to the moment the case was remanded, coming up

with 52.2 hours (although they include 18.8 for their Motion for Attorney's Fees that were billed after the case was remanded). This method of calculating the hours "resulting from improper removal" adds redundant and duplicate work that would have been performed regardless of the forum of the case.


### III.  <u>Unreasonable Hours Expended</u>


Plaintiff's Motion is replete with examples of excessive hours. Plaintiff claims four hours on "removal issues," five point eight hours on "setting the scheduling conference," the Magistrate Election/Non-Election form(involving checking a box), and a generic, form proposed scheduling order.

Plaintiff claims that drafting a Motion for Remand that consisted of ten paragraphs of factual and legal conclusions and cited four cases took fifteen point four hours. Both the Plaintiff and the Court determined that the Defendant's removal argument was without merit and a simple issue and it beggars belief that it took this long to write a three page Motion to Remand.

Plaintiff additionally claims that their Motion to Stay, two and a half pages with four paragraphs in the Argument section and citing three cases, took four point seven hours. These are extremely inflated billings and completely unreasonable.


### IV.  <u>Simplicity of the Motion</u>

Responding to Defendant's improper removal did not require incredibly experienced or knowledgeable attorney's that bill at a high rate. The removal was the result of a timing mistake by Defendant and was quickly and summarily found improper by the Court with a CMF/ECF

text entry.  This was not a complicated legal issue or anything novel that would require the incredible amounts of briefing, research, and drafting that Plaintiff's counsel claims to have done.

## V.  Conclusion

Based on all the facts and argument above, Plaintiff counsel's request for attorney fees should be reduced substantially.  A reasonable number of hours for the minimal motions and work performed by Plaintiff's counsel is far less than the fifty-two point two hours claimed. Many of those hours are inapplicable to the Court's order and are excessive as stated above.  In addition, the hourly rate, especially for Mr. Kaplan's work in his fourth month as an attorney and Ms. Chapman's mostly secretarial tasks is excessive.  The involvement of senior attorneys charging high fees for such a simple procedure is also excessive.  Finally, the total amount should be adjusted downward because of the simplicity of the legal issue at hand.

The amount of fees ultimately awarded to Plaintiff's counsel should also be reduced by the time that it took Defendant's counsel to draft this response.  It is unconscionable that Plaintiff's counsel submitted such an inflated attorney fees request, requiring Defendant's counsel to respond in an attempt to stop this attempted fraud on the Court.

Respectfully submitted,

*/s/ Tyler Jeffery*
Tyler Jeffery, Esq., Atty. Reg. #: 48460
Kishinevsky & Raykin, Attorneys at Law
2851 South Parker Road, Suite 150
Aurora, CO 80014
Telephone: (720) 748-8888
E-mail: tyler@coloradolawteam.com
Attorney for Defendants

*/s/ Igor Raykin*
Tyler Jeffery, Esq., Atty. Reg. #: 43081
Kishinevsky & Raykin, Attorneys at Law
2851 South Parker Road, Suite 150
Aurora, CO 80014
Telephone: (720) 748-8888
E-mail: igor@coloradolawteam.com
Attorney for Defendants

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on May 30, 2019, a true and accurate copy of this **RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** was served through CMF/ECF to all parties entered on the case, including:

Robert Hoban
Keenan Jones
Darren Kaplan
Hoban Law Group
730 17th St, Suite 420
Denver, CO 80202
bob@hoban.law
keenan@hoban.law
darren.kaplan@hoban.law

*/s/Tyler Jeffery*
Tyler Jeffery
