IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00441-NYW

HI-TECH PAINTLESS DENT REPAIR, INC., an Illinois corporation

    Plaintiff (s).

v.

ERGASH AKHATOV, an individual; and
SEMURG DENT REMOVAL, INC., a Colorado corporation

    Defendant(s).

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES AND BILL OF COSTS**

Plaintiff Hi-Tech Paintless Dent Repair, Inc. ("Plaintiff"), by and through undersigned counsel, hereby files its Reply in Support of its Motion for Attorneys' Fees and Bill of Costs (the "Reply"), stating as following:

**I.    PLAINTIFF'S FEES ARE IN-LINE WITH PREVAILING COMMUNITY RATES**

Defendants argue, without evidentiary support, that Plaintiff's fees are "unreasonable." (Response, p.2). Defendants cite only two cases: *Ellis v. Univ. of Kansas Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998); and *Blum v. Stephenson*, 465 U.S. 886, 895 (1984). Both are inapposite. They both involved an award of fees after the plaintiff prevailed in civil rights proceedings pursuant to 42 U.S.C. § 1998. This case is not a civil rights matter. *Ellis* and *Blum* do not apply.

Rather, the Court should look to *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1255 (10th Cir. 1998), wherein the court held that courts generally base their fee award on market evidence of billing rates for similar litigation. If a court cannot establish a market rate, it can rely upon outside factors, such as its own knowledge, to determine a reasonable hourly rate. *Casey v.*

*Williams Production RMT Co.*, 599 F. Supp. 2d 1253, 1255 (D. Colo. 2009) (citing *Lucero v. City of Trinidad*, 815 F.2d 1384, 1385 (10th Cir. 1987)).

Here, Plaintiff requests reasonable hourly rates of $160 for paralegal Nicole Chapman, $275 for associate Darren Kaplan, $315 for senior associate Keenan Jones, and $330 for senior associate Samuel Scheurich. Defendants have cited no authority and provided no evidence as to why these fees are unreasonable; they simply state that Plaintiff's rates are "not in line with those in the community." (Response, p. 2).

No such authority or evidence exists to support Defendants' position. First, the *Casey* court found $350 per hour to be a reasonable hourly rate for time spent drafting a motion for remand. 599 F. Supp. 2d at 1256. Moreover, the Colorado Bar Association published an economic survey in 2017 that found (1) the median hourly rate for business-commercial litigation practice is $295 per hour, and (2) the 75th percentile of attorneys charge $473 per hour. (2017 Economic Survey, attached hereto as **Exhibit 1**, p. 37).[1] Finally, Plaintiff, like other clients, engaged the services of Hoban Law Group, accepting and paying the hourly rates of its professionals. For these reasons, the rates presented in the Motion comport with market rates; the Motion should be granted.

II. **PLAINTIFF'S TIME AND REQUESTED FEES ARE REASONABLE.**

Defendants also argue that the amount of time spent on certain tasks was either outside of the scope of recoverable fees or excessive. (*See generally* Response). Again, Defendants provide no basis or reference to legal authority.

The Order clearly states that <u>all fees resulting from improper removal</u> are recoverable, not only those associated with the Motion for Remand. (Apr. 12, 2019 Order ("[I]n light of Defendants' baseless response, Plaintiff's request for … attorneys' fees resulting from improper

---

[1] Undersigned counsel was unable to locate a newer version of this report.

removal is likewise GRANTED.")). This includes all fees incurred by Plaintiff while its case was pending in federal court. The Order is supported by statute:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, *incurred as a result of the removal*.

28 U.S.C. § 1447(c) (emphasis supplied).

Defendants take general issue with Plaintiff seeking fees for two tasks: (1) responding to the Motion to Dismiss Defendants filed based on federal pleading standards, and (2) researching and drafting the Motion for Attorney Fees. Defendants' criticisms are misplaced.

The Motion requests only 1.4 hours of attorney fees for time spent on Defendants' federal Motion to Dismiss. This time was spent on preliminary research, conferral, and briefing on dismissal issues. Fees associated with these tasks were incurred as a result of the removal and should be included in the fee award. 28 U.S.C. § 1447(c); (*see also* Apr. 12, 2019 Order). As such, undersigned counsel took great care to segregate the fees incurred in responding to the *state* Motion to Dismiss and excluded them from the Motion. The fees incurred in analyzing and preparing to respond to the *federal* Motion to Dismiss, however, should be included in the attorney-fee award.

As for Defendants' second, general grievance, the District of Colorado generally awards fees incurred in seeking an attorney-fee award as part of the award. *See, e.g., Snyder v. Acord Corp.*, Civil Action No. 1:14-cv-01736-JLK, 2019 WL 319407, *7 n.12 (D. Colo. Jan. 24, 2019). Plus, drafting a motion seeking fees naturally stems from a court ordering a party to do so. 28 U.S.C. § 1447(c); (*see also* Apr. 12, 2019 Order). To reduce fees incurred in seeking an attorney-fee award, undersigned counsel directed its paralegal to spend the bulk of the requested time

drafting the Motion and compiling supporting documentation. For these reasons, the fees incurred in drafting the Motion should be included in the attorney-fee award.[2]

Finally, Defendants ask the Court to arbitrarily reduce "excessive" hours spent on (1) removal issues, (2) the Motion for Remand, and (3) the Motion for Stay. Defendants' requests are again misplaced.

The 5.8 hours spent on "removal issues" included various tasks necessary to federal litigation that are absent in state litigation. These fees should be included in the attorney-fee award. 28 U.S.C. § 1447(c); (*see also* Apr. 12, 2019 Order).

Defendants also contend that Plaintiff spent too long drafting its Motion for Remand and Motion to Stay. Defendants cite no authority in support thereof. The District of Colorado has already found twenty hours to be a reasonable amount of time for a litigator of 30 years to respond to a notice of removal, despite it not being "inordinately novel or complex." *Casey*, 599 F. Supp. 2d at 1256. Plaintiff incurred fees for 20.1 hours for its Motion for Remand and Motion to Stay. This is a reasonable amount of time. *See id*. Such fees should be included in the attorney-fee award.

It strains credibility that Defendants would demand a reduction in attorney fees for filing a Motion for Remand because the issue involved was so straight-forward, when Defendants failed to recognize basic removal principles that barred their removal attempts in the first place. Moreover, the purpose of the Motion to Stay was intended to limit the time and attorney fees necessary to litigate this matter in federal court when it had been so obviously, improperly

---

[2] Plaintiff does not concede that its fees in this regard should be reduced in any way. Nevertheless, the District of Colorado, in situations unlike those presented to the Court now, have capped "fees for fees" at five hours. *W. Energy Alliance v. U.S. Fish & Wildlife Serv.*, Civil Action No. 13-cv-02811-MSK, *3 n.2 (D. Colo. Sept. 2, 2014); *Prison Legal News v. Exec. Office for U.S. Attorneys*, Civil Action No. 08-cv-01055-MSK-KLM, *4 (D. Colo. Aug. 10, 2010). If the Court is inclined to do so in this context as well, Plaintiff respectfully requests that the hourly rate of $330 be applied to any such cap.

removed. The full amount of fees associated with Plaintiff's Motion for Remand and Motion to Stay should be included in the attorney-fee award.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Hi-Tech Paintless Dent Repair, Inc. respectfully requests the Court award its full measure of attorney fees in the amount of $11,450.00 and costs and expenses in the amount of $5.30.

Respectfully submitted this 13th day of June, 2019.

HOBAN LAW GROUP

s/ Samuel J. Scheurich
Samuel J. Scheurich, #46270
730 17th Street, Suite 420
Denver, CO 80238
P: (303) 674.7000
F: (303) 382.4685
samuel@hoban.law
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this 13th day of June, 2019, a true and correct copy of the foregoing PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES was electronically filed with the Clerk of the United States District Court for the District of Colorado using its CM/ECF system and served in the same manner on all counsel of record:

Tyler Jeffery, Esq.
Igor Raykin, Esq.
KISHINEVSKY & RAYKIN, ATTORNEYS AT LAW
2851 South Parker Road, Suite 150
Aurora, CO 80014
*Attorneys for Defendants*

U.S. District Court
901 19th Street
Denver, CO 80294

                  s/ Nicole N. Chapman